**FILED**

**JUN 17 2020**

**U.S. CLERK'S OFFICE
INDIANAPOLIS, INDIANA**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DONALD V. NEVINS AND CHAD STANGER, | )<br>)<br>) |
| Plaintiffs, | ) CASE NO. 1:20-cv-1654-JMS-DLP<br>) |
| v. | )<br>) COMPLAINT |
| HOME DEPOT U.S.A, INC., | )<br>) DEMAND FOR JURY TRIAL |
| Defendant. | ) |

## **COMPLAINT**

### NATURE OF THE ACTION

This is an action under the Americans with Disabilities Act (ADA) (1991) (42 U.S.C. § 12101, et seq.) and the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621, et seq.) to correct unlawful employment practices on the basis of disability and age. Jurisdiction is based on 28 U.S.C. § 1331 to provide appropriate relief to Plaintiffs Donald V. Nevins and Chad Stanger (hereinafter "Nevins" and "Stanger", respectively or "Employees" or "Plaintiffs") who were adversely affected by such practices. The Plaintiffs are former employees of Home Depot U.S.A, Inc., (hereinafter "Home Depot" or "Employer" or "Defendant"), and are individuals with a disability, and are individuals over the age of 40, who were subjected to discrimination and retaliation because of their disability and age while employed at Home Depot.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, and 1343 and 1345. This action is authorized and instituted pursuant to the Americans with Disabilities Act (1991) and jurisdiction is based on 28 U.S.C. § 1331. Further, this action is authorized and instituted pursuant to the Age Discrimination in Employment Act (29 U.S.C. § 621).

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of Indiana, Indianapolis Division.

## PARTIES

3. Plaintiff Donald L. Nevins is a former employee of Home Depot U.S.A., Inc. and is an individual with a disability, and an individual over the age of 40, born in 1963. Plaintiff is expressly authorized to bring this action by, and pursuant to the Americans with Disabilities Act (1991) and jurisdiction is based on 28 U.S.C. § 1331, and the Age Discrimination in Employment Act (29 U.S.C. § 621). Jurisdiction is based on 28 U.S.C. § 1331.

4. Plaintiff Chad Stanger is a former employee of Home Depot U.S.A., Inc. and is an individual with a disability, and an individual over the age of 40, born in 1974. Plaintiff is expressly authorized to bring this action by, and pursuant to the Americans with Disabilities Act (1991) and jurisdiction is based on 28 U.S.C. § 1331, and the Age Discrimination in Employment Act (29 U.S.C. § 621). Jurisdiction is based on 28 U.S.C. § 1331.

5. At all relevant times, Defendant Home Depot, has continuously been a foreign, for-profit corporation doing business in the State of Indiana and the City of Indianapolis, Indiana and has continuously had at least fifteen (15) employees.

6. At all relevant times, Defendant Home Depot, has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

7. More than thirty (30) days prior to the institution of this lawsuit, Plaintiff Donald V. Nevins filed a Complaint of Discrimination (Charge No. 470-2020-00960) with the U.S. Equal Employment Opportunity Commission (hereinafter "EEOC") alleging violations of the Americans with Disabilities Act (1991) (42 U.S.C. §12101, et seq.) and the Age Discrimination in Employment Act (ADEA) by Defendant Employer. *See* Exhibit 1. The EEOC issued a Dismissal and Notice of Rights dated March 18, 2020. Plaintiff Nevins received the notice on or about March 21, 2020. *See* Exhibit 2. All conditions precedent to the institution of this lawsuit have been fulfilled.

8. More than thirty (30) days prior to the institution of this lawsuit, Plaintiff Chad Stanger filed a Complaint of Discrimination (Charge No. 470-2020-01059) with the U.S. Equal Employment Opportunity Commission (hereinafter "EEOC") alleging violations of the Americans with Disabilities Act (1991) (42 U.S.C. §12101, et seq.) and the Age Discrimination in Employment Act (ADEA) by Defendant Employer. *See* Exhibit 3. The EEOC issued a Dismissal and Notice of Rights dated March 18, 2020. Plaintiff Stanger received the notice on or

3

about March 21, 2020. *See* Exhibit 4. All conditions precedent to the institution of this lawsuit have been fulfilled.

9. Since at least December 1, 2015, Defendant Employer has engaged in unlawful employment practices at its Indianapolis, Indiana location in violation of the Americans with Disabilities Act (1991) (42 U.S.C. §12101, et seq.) and the Age Discrimination in Employment Act (29 U.S.C. § 621, et seq.). Defendant Employer subjected Plaintiff Donald Nevins to discrimination, retaliation and termination based on his disability and age.

10. Since at least March 1, 2014, Defendant Employer has engaged in unlawful employment practices at its Indianapolis, Indiana location in violation of the Americans with Disabilities Act (1991) (42 U.S.C. §12101, et seq.) and the Age Discrimination in Employment Act (29 U.S.C. § 621, et seq.). Defendant Employer subjected Plaintiff Chad Stanger to discrimination, retaliation and termination based on his disability and age.

11. The effect of the practices complained of above has been to deprive Plaintiffs of equal employment opportunities and otherwise adversely affect their status as an employee, because on their disability and age.

12. The unlawful employment practices complained of above were intentional and reckless.

13. The unlawful employment practices complained of above were done with malice and reckless indifference to the federally protected rights of Plaintiffs.

# FACTS

## PLAINTIFF DONALD V. NEVINS

14. Plaintiff Donald Nevins began employment at Home Depot on April 23, 2010 as an Appliance Sales Specialist.

15. Plaintiff Nevins believes that he was subjected to discrimination based on his disability (back lifting restriction due to back injury at work) and his age (over 40, born in 1963).

16. Nevins constantly received negative remarks and comments from Store Manager Matthew Rice throughout his employment.

17. Matthew Rice made disparaging comments about Nevins and said things like "are you going to work today?" or "are you going to get up out of that chair?" or "when are you going to retire?"

18. Nevins requested a reasonable accommodation for a low chair due a design change in his department that required him to stand or sit at a high bar stool. This design exacerbated Nevins's back condition and he was mocked by Matthew Rice when he asked for a low chair.

19. Rice made comments toward Nevins in meetings. When Nevins arrived, Rice often remarked "you finally decided to show up" and "about time you actually started working."

20. Nevins called Home Depot's Aware Line to complain, but Rice continued to make comments on his disability and age during his employment.

21. Nevins could not advance or change positions while supervised by Rice.

22. Nevins received minimal increases in pay that were far less than his co-workers.

23. Nevins operated a part-time business with Chad Stanger, who also worked for Home Depot and was also harassed by Matthew Rice.

24. Nevins and Stanger installed appliances, such as water softeners and other items that Home Depot does not install.

25. Other Home Depot managers often called the Plaintiffs' company to service customers for complicated work that could not be done by Home Depot.

26. Nevins transferred to another Home Depot store in September 2019, but Rice stopped Nevins's transfer and he was transferred back to the previous store and Rice terminated him on September 19, 2019.

27. Matthew Rice told Nevins that he was being fired for misuse of military discounts and a conflict of interest due to his part-time business with Chad Stanger.

28. Nevins was forced to write a statement about the unauthorized use of military discount in order to keep his job, but he was terminated anyway. Nevins vehemently disagreed with the accusation of unauthorized use because his business partner was Chad Stanger who was active military.

29. Nevins believes his termination was a pretext and that he was terminated based on discrimination and retaliation for his complaints about the hostile work environment created by Matthew Rice.

30. Nevins believes that he was subjected to discrimination and retaliation based on his disability in violation of the Americans with Disabilities Act (ADA) and his age in violation of the Age Discrimination in Employment Act (ADEA).

31. On or about December 16, 2019, Plaintiff Nevins filed a Complaint of Discrimination (Charge No. 470-2020-00960) with the U.S. Equal Employment Opportunity Commission regarding disability and age discrimination against Defendant Employer.

32. On or about March 18, 2020, the EEOC issued a Dismissal and Notice of Rights for Plaintiff Donald Nevin's EEOC Charge.

## PLAINTIFF CHAD STANGER

33. Plaintiff Chad Stanger began employment at Home Depot on August 8, 2007 as a Master Tradesman.

34. Plaintiff Stanger believes that he was subjected to discrimination based on his disability (lumbar disease, L4 and L5 compressed) and his age (over 40, born in 1974).

35. Manager Matthew Rice made negative remarks and comments toward Stanger throughout his employment.

36. Stanger had to take a medication in the morning that prevented him from driving a forklift. Matthew Rice commented that maybe he should take pay away from Stanger because Stanger could not drive the forklift.

37. Rice also commented on Stanger's age, and said "when are you going to retire?"

38. Stanger is in the military and had to take periodic leave due to military service. Rice commented "how long will you have to be gone this time?" and "You are going to have to tell them you can't do that."

39. Stanger was not evaluated for over a year and did not receive a raise for 1.5 years. Stanger's back pay for the raises was eventually given to him after he complained.

40. Stanger operated a part-time business with Don Nevins, who also worked for Home Depot and was also harassed by Mr. Rice.

41. Nevins and Stanger installed appliances, such as water softeners and other items that Home Depot does not install.

42. Other Home Depot managers often called the Plaintiffs' company to service customers for complicated work that could not be done by Home Depot.

43. Stanger was terminated on September 18, 2019. Matthew Rice told Stanger that he was being terminated for allowing someone else to use a military discount and that he was doing side jobs of installing water softeners, which he was told was a conflict of interest. However, this is not a service that Home Depot offers.

44. Stanger was written up twice for these infractions on September 18, 2019 and terminated on the same day by Rice.

45. Stanger believes this was a pretext for discrimination and retaliation based on his disability and age and association with Donald Nevins, who had recently transferred to another

store after complaining about Matthew Rice. Mr. Nevins was also terminated from Home Depot on September 19, 2019, the day after Stanger was terminated.

46. Stanger believes that he was subjected to discrimination and retaliation based on disability in violation of the Americans with Disabilities Act (ADA), and age in violation of the Age Discrimination in Employment Act (ADEA).

47. On or about December 27, 2019, Plaintiff Stanger filed a Complaint of Discrimination (Charge No. 470-2020-01059) with the U.S. Equal Employment Opportunity Commission regarding disability and age discrimination against Defendant Employer.

48. On or about March 18, 2020, the EEOC issued a Dismissal and Notice of Rights for Plaintiff Chad Stanger's EEOC Charge.

49. The Conduct of the Defendant, which is complained of herein is in violation of the Americans with Disabilities Act (1991) and the Age Discrimination in Employment Act (ADEA).

## PRAYER FOR RELIEF

Wherefore, the Plaintiffs seek the following relief from discrimination and respectfully request that this Court:

A. Grant a permanent injunction enjoining Defendant Employer, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in discrimination based on disability or age and any other employment practice which violates federal employment law.

B. Order Defendant Employer to institute and carry out policies practices, and programs which protect employees from discrimination and provide equal employment opportunities for employees, regardless of disability or age, or other protected classes, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant Employer to make Plaintiffs whole by providing compensation for any past and future pecuniary losses (back pay and front pay) resulting from the unlawful employment practices described above, in amounts to be determined at trial.

D. Order Defendant Employer to make Plaintiffs whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

E. Order Defendant Employer to pay Plaintiffs punitive damages for its intentional, malicious and reckless conduct described above, in amounts to be determined at trial.

F. Order Defendant to make Plaintiffs whole by paying liquidated damages for the unlawful practices complained of above, in amounts to be determined at trial.

G. Grant such further relief to the Plaintiffs, as the Court deems necessary and proper in the premises.

H. Award the Plaintiffs their costs, including attorney fees, pursuant to 42 U.S.C. §12205 and 42 U.S.C. §2000e-5(k) in this action.

## JURY TRIAL DEMAND

The Plaintiffs request a jury trial on all questions of fact raised by this Complaint.

Respectfully submitted,

By: _____
Michelle Smith Scott, Atty. ID #18983-49A
120 E. Market St., Suite 305
Indianapolis, IN 46204
Telephone: (317) 371-3667
Facsimile: (317) 376-7043
Email: msmithscott@aol.com5742

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing *Complaint* has been served by first-class United States mail, postage prepaid, this 15th day of June, 2020, upon:

Home Depot U.S.A., Inc.
9320 N. Corporation Drive
Indianapolis, IN 46256

Home Depot U.S.A., Inc.
2455 Paces Ferry Road
Atlanta, GA 30339

_____
Michelle Smith Scott, Esq.

Michelle Smith Scott
120 E. Market St., Suite 305
Indianapolis, IN 46204
Telephone: (317) 371-3667
Facsimile: (317) 376-7043

11